BOSCH ET AL. v. THE B. & M. R. R. Co.

1. **Damages:** WHEN TOO REMOTE: FIRE. The street lay between plaintiff's property and the river and contiguous to the latter; the defendant, a railway company, filled up a portion of the river with deposits of earth, increasing the distance of plaintiff's property therefrom, and occupied it with tracks and buildings; a house belonging to plaintiff accidentally taking fire, the fire department were unable to obtain access to the river by reason of the use of the street and embankment by the railway company; plaintiff having sued the latter for damages for the destruction of his building, *held*, that the damages were too remote and the company not liable.

*Appeal from the Des Moines District Court.*

THURSDAY, OCTOBER 19.

IT is alleged in the petition that plaintiffs are the owners of certain lots in the city of Burlington upon which they had costly improvements, consisting of a brewery and appurtenances; that one of said lots, being No. 25, is bounded on the

east by Front street, and others are immediately back of, or west from said lot 25; that said lot 25 is bounded on the south by Angular street; that according to the city plat Front street extends from the easterly line of said lot 25 to the Mississippi river, its width being governed by the meander line of the river, and in front of lot 25 being sixty feet wide, and that said Angular street also extended to the river, which gave the plaintiffs easy access to the river by way of said streets.

It is further alleged that the defendant entered upon said Front street and said Angular street, and by deposits of earth filled Front street to the east in the river so as to make the space between the lots and the river at least eight hundred feet, and laid down thereon a number of railroad tracks within a few feet of each other on the entire width of said street and to within a few feet of plaintiffs' lots, and built thereon warehouses, depots and other buildings, and continued to occupy the same with said buildings and freight cars, using the premises as a car yard and for making up trains, and so entirely obstructed the same as to entirely divert its use as a street, so that neither said Front or Angular streets east of plaintiffs' lots could be used for the purposes of an ordinary highway; that the city of Burlington, previous to October, 1871, had provided an efficient fire department with steam engines, hose and all necessary appliances for the extinguishment of fires, and that about October, 1871, a building situated about one block north of plaintiffs' lots and across a street eighty feet wide from the block in which plaintiffs' lots are situated accidentally took fire; that no combustible material was nearer said fire in the direction of plaintiffs' than about one hundred feet; that the firemen with their engines were on the ground in a few minutes after the fire began and an hour before the fire reached the block in which plaintiffs' lots are situated; that during all that time the firemen used all efforts to reach the river with the engines and hose, but the street was so occupied and encumbered by the railroad that it could not be done, nor could the river be reached in any other way, on account thereof, and that on account of the said illegal obstructions put in the way by the defendant the fire communi-

cated to the plaintiffs' property which was entirely destroyed; that but for said obstruction the river could and would have been reached and water procured, and said fire would have been extinguished before it reached plaintiffs' property. Damages are claimed for the value of the property destroyed by fire, amounting to over $22,000.

To this petition there was a demurrer, which was sustained and the cause was dismissed at plaintiffs' cost, and they appeal.

*P. H. Smyth*, for appellants.

*D. Rorer*, for appellee.

ROTHROCK, J.—Aware as we are of the difficulty in many cases in determining whether damages claimed should be 1. DAMAGES: regarded as proximate or remote, yet we are when too remote: fire. united in the opinion that the court below correctly determined that no recovery can be had upon the allegations in this petition, for the reason that the damages are not the direct and proximate result of the wrongs complained of, but are too remote. In the case of *Insurance Company v. Friend*, 7 Wallace, 49, it is said: "We have had cited to us a general review of the doctrine of proximate and remote causes as it has arisen and has been decided in the courts in a great variety of cases. It would be an unprofitable labor to enter into an examination of these cases. If we could deduce from them the best possible expression of the rule, it would remain after all to decide each case largely upon the special facts belonging to it, and often upon the very nicest discriminations."

We do not regard the facts of this case as an approach to the dividing line where distinctions become shadowy and discriminations difficult to be made. If any damages were recoverable for the obstruction of the streets by an improper construction of defendant's road, thus depriving plaintiffs of convenient access to the river, they were recoverable by reason of the obstruction of the streets, and simply because the streets were obstructed, and not by reason of a fire, which

could not be extinguished because the defendant occupied and used the streets for a railroad.

We have examined the cases cited by counsel for appellants, and although they are ingeniously presented, yet the facts in this case are so widely different from any of them that we cannot regard them as applicable. The nearest approach to this case is that of the *Metallic Compression Co. v. Fitchburg Railroad Company*, 109 Mass., 277. In that case the facts were that plaintiff's manufacturing establishments, situated about fifty feet from defendant's railroad track, were on fire. Two fire engines were brought on the ground, the hose was laid across the railroad track to a hydrant, and water was being thrown on the fire which was being diminished. A freight-train approached, and although warned in time, the employes of defendant negligently ran across the hose, severing it, and stopping the supply of water, and the building was burned. The defendant was held liable.

We suppose without question that if one should in any manner, by cutting the hose, disabling the engine or the like, stop the stream of water by reason of which act property is destroyed he would be liable, because the damages are the direct and proximate result of his act. But in the case at bar the building of the railroad tracks and depots, the widening and filling the streets have no connection with the fire, nor with the hose or other apparatus of the fire companies. They are independent acts, and their influence in the destruction of plaintiffs' property is too remote to be made the basis of recovery.

AFFIRMED.