McNITT v. HENDERSON.

1. EVIDENCE—HEARSAY EVIDENCE—ADMISSIBILITY.

In an action for breach of warranty, hearsay testimony was properly admitted for the sole purpose of showing when plaintiff learned and became satisfied he had been defrauded.

2. SAME—RES GESTÆ—CONTRACTS—RESCISSION— OFFER TO ARBITRATE.

In such action, in attempting to prove a rescission of the contract, a statement by plaintiff that he had offered to submit the dispute to arbitration was part of the res gestæ.

3. SALES — CONTRACTS — RESCISSION — FRAUD — DELAY — QUESTION FOR JURY.

Where plaintiff rescinded a sale on the ground of defendant's misrepresentations, the question of whether plaintiff delayed an unreasonable time after learning that he had been defrauded before electing to rescind the contract was properly submitted to the jury.

Error to Van Buren; Des Voignes, J.   Submitted No-

vember 11, 1908.   (Docket No. 148.)   Decided December 21, 1908.

Assumpsit by Livera McNitt against Porter H. Henderson for breach of warranty.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Barnard & Lewis*, for appellant.

*Charles M. Van Riper* and *Thomas J. Cavanaugh*, for appellee.

Hooker, J.   Plaintiff sued defendant in justice's court for the price paid by him to the defendant for a quantity of beans upon the theory that he had rescinded the contract for fraud and deceit.   Defendant appealed to the circuit court, where a judgment for the plaintiff for $20.59 was rendered.   Defendant is here by writ of error.   The substance of plaintiff's claim is that he wanted some red kidney beans to plant, and so told the defendant; also that he would not know red kidney beans if he saw them; that defendant said that these were red kidney beans, and plaintiff, believing him, paid for and took them away.   His wife told him that they were not red kidney beans, and he inquired elsewhere, and was informed that they were not red kidney beans, after which he sought to have defendant take them back and refund his money, but was every time refused, and finally took the beans to him and demanded his money some weeks or months after the purchase.   Defendant claims that he did not say that the beans were red kidney beans, but that they were dark red kidney beans, but the question was left to the jury, who evidently believed that he said that they were red kidney beans, if there is any reason for saying that a "dark red kidney bean" is not a "red kidney bean."   There was evidence that they were not red kidney beans, and defendant himself testified that the beans he let plaintiff have were "all kinds and all varieties pretty much," although he stated that he knew the variety that the plaintiff

wanted, red kidney beans, and that he wanted them to plant.

It being thus conceded by the defendant, that the beans were not red kidney beans, the claim that plaintiff was permitted to prove that fact by hearsay testimony becomes unimportant. Such testimony was admitted for the sole purpose of showing when the plaintiff learned and became satisfied that he had been defrauded, and was admissible for that purpose. In attempting to prove a rescission, plaintiff stated his offer to arbitrate. That was a part of the res gestæ to prove rescission.

Several errors are assigned upon the charge and refusal to give requests. We have examined all, but think it necessary to discuss but one, viz., the refusal to direct a verdict for defendant. The production of the beans at defendant's house was some little time after the discovery that they were not red kidney beans, during which time plaintiff was asking to return the beans and defendant refusing to accept them, or otherwise adjust the matter, but the jury said that plaintiff did not delay an unreasonable time after he ascertained that he had been defrauded. We are of the opinion that this was a proper question for the jury, and that the charge was unobjectionable.

We find no error, and the judgment is affirmed.

Montgomery, Ostrander, Moore, and McAlvay, JJ., concurred.