The Supreme Court disposed of the question in this language:

"The court did not err in holding that the evidence offered by the appellant was not sufficient to show such adverse possession as would sustain his plea of limitation, and the judgment must be and is affirmed. Harnage v. Berry, 43 Tex. 568."

At no time from the first entry upon the land to the institution of this suit does defendant in error claim to have actually resided upon the land, nor to have had the land or any part of it inclosed; nor does he claim that at any time he had a tenant upon it for a length of time sufficient to constitute limitation under any provision of the law or any decision of this court. Such possession as he claims to have had consisted of cultivating a small portion of the land, one year at one place and the next year at another. Some years there was no cultivation of any part of the land for the want of water. There was nothing in his acts that would indicate a claim of ownership of the land. All that defendant in error did in the use of the land might well have been regarded as harmless trespass. Schleicher et al. v. Gatlin, 85 Tex. 270, 20 S. W. 120.

We therefore conclude that this possession was not continuous nor adverse, as required by law in order to bar the right of the owner. Therefore the Court of Civil Appeals erred in holding that the evidence was sufficient to sustain the plea of the statute of limitation of ten years.

The judgments of the district court and the Court of Civil Appeals are reversed, and the cause is remanded to the district court.

Reversed and remanded.

---

HANRICK et al. v. HANRICK et al.
(No. 2342.)

(Supreme Court of Texas. Feb. 10, 1915.)

JUDGMENT ☞713—RES JUDICATA—QUESTIONS SETTLED.

Where, in partition, the judgment awarding to a party a third of the land and to a coparty a third, with the right to charge on the common land an amount found in his favor, was affirmed except as to the coparty's claim for contribution, and on that issue reversed and remanded for a proper accounting on his claim, a judgment on retrial, which fixed the amount of the coparty's

claim, and which decreed that the amount thereof should first be set aside to him, and the remainder should be divided among all the parties entitled to participate therein as provided, conclusively established the claim as a prior charge on all the interests in the land, and the party could not relitigate the question in order to obtain his third interest, for the matter could have been ascertained in the litigation on the amount of the claim, and the judgment was also conclusive on the coparty.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. ☞713.]

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Nicholas Hanrick and others against E. G. Hanrick and others. There was a judgment of the Court of Civil Appeals (139 S. W. 721) affirming in part and reversing in part, with instructions, a judgment for partition, and defendants bring error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

Z. I. Harlan, of Marlin, O. L. Stribling, of Waco, Spivey, Bartlett & Carter, of Marlin, and Williams & Stedman, of Austin, for plaintiffs in error. Taylor & Gallagher and Sleeper, Boynton & Kendall, all of Waco, for defendants in error.

PHILLIPS, J. The present case constitutes another chapter in what may be properly termed the ancient and continuing controversy in the courts of this state over the lands belonging to the estate of Edward Hanrick, since the original action was instituted in the year 1878, and, as is revealed by this record, some of the issues, of which it was the fruitful source, apparently still remain unquieted. It would seem that the able and exhaustive opinion rendered in the case by Mr. Justice Williams in the year 1900, and reported in 93 Tex. 458–482, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, should have led to a speedy termination of the litigation, since it defined with clearness and precision the rights of the parties and remanded the case for the settlement of but one subordinate issue. But it appears that the determination of that issue has in itself afforded a new controversy of rival force and duration. If, as runs the maxim, time is the common arbitrator of all things, and in its fullness cures that which reason fails to heal, the final result of this suit ought to be approximately just.

As will be seen by reference to the opinion in Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, above referred to, the district court judgment, from which that appeal was prosecuted, established, among other things: (1) The right of E. J. Gurley to one-third of the land in controversy. (2) The right of E. G. Hanrick to one-third of the remainder. (3) The right of E. G. Hanrick to charge upon the common lands involved the amount found in his favor for court costs and taxes expended by him.

Reforming the judgment of the district court in two particulars not material to a statement of the case as it now stands, it was by this court affirmed upon that hearing, except as to E. G. Hanrick's claim for contribution. Upon that issue alone the judgment was reversed and the cause remanded for the sole purpose of a proper account being taken upon that claim. Before this issue came on for retrial in the district court, E. G. Hanrick had died, and his heirs made themselves parties. Notwithstanding an effort to relitigate a number of the issues settled by the opinion of this court on the previous appeal, the district court properly confined the trial to the one issue for the determination of which the cause had been remanded; and on February 18, 1903, adjudged the just amount of the Hanrick claim to be $18,785.89. With the partition of the entire land between all the parties according to their respective rights, as determined by this court, remaining to be effected, this decree of the district court, after directing that the commissioners of partition should first set aside to the heirs of E. G. Hanrick land of the value of $18,785.89 in satisfaction of the claim allowed them in that amount, then proceeded to direct in what manner the remaining lands should be partitioned between the parties. Among other things, it adjudged that E. J. Gurley recover against all other parties an undivided $3/9$ interest in all the lands in controversy; and that the estate of E. G. Hanrick recover likewise an undivided $2/9$ interest in the land in the La Serda grant and an undivided $14/54$ interest in the land in the Zarza grant. In connection with the Gurley and E. G. Hanrick interests, it further decreed as follows:

"All the land in controversy not embraced in the boundaries of Exhibit F attached to plaintiff's petition (a copy of which is later set forth in the decree) shall be set aside to R. A. Hanrick and Nannie Hanrick as legal representatives of the estate of E. G. Hanrick, and valued at zero. The lands described in said Exhibit F shall be valued by the commissioners and divided into two parts, one part to embrace in value four-ninths of the whole, less one-sixth of the value of the land in said Exhibit F on said Zarza grant; and the other part to embrace five-ninths in value of the whole, plus one-sixth of the value of the land in said Exhibit G on said Zarza grant, the latter to be set aside to the estate of E. G. Hanrick and E. J. Gurley. And the court directs that the lands so set apart to the estate of E. G. Hanrick and E. J. Gurley shall include all tracts of land sold by them, or either of them, before the institution of this suit, and of said portion so allotted to the estate of said E. G. Hanrick and E. J. Gurley three-ninths in value of the same shall be set apart to E. J. Gurley, and the remainder shall be set apart to said legal representatives of the estate of E. G. Hanrick, the lands allotted to the said Gurley to include one-third in value of the tracts of land sold by E. G. Hanrick and E. J. Gurley or either of them before the institution of this suit, and also the 4,113–acre tract heretofore set aside to said Gurley by interlocutory decree at the instance of the interveners R. L. Brown and the American Freehold Land

Mortgage Company, Limited of London; and the lands so allotted to the estate of E. G. Hanrick shall include two-thirds in value of the tracts of land so sold by either Hanrick or Gurley before the institution of this suit, and shall also include the lands improved by them so far as possible."

It also contained this provision:

"In making partition of the lands embraced in said Exhibit F, said commissioners shall estimate the same according to its value at the present time as raw and unimproved land, without regard to improvements made thereon, taking into consideration the situation, quantity, and quality and advantage of each share; and, if in making said partition it should become necessary to allot to any of the parties to this suit any portion of the lands embracing improvements made thereon by E. G. Hanrick, then in such event the value of such improvements on the part so taken shall be considered and estimated against such party."

The partition was not then proceeded with, however, as an appeal from that judgment was prosecuted by Gurley and the heirs of E. G. Hanrick. The result was the affirmance of the judgment by the Court of Civil Appeals (Hanrick v. Hanrick, 81 S. W. 795), and the refusal of a writ of error by this court (82 S. W. xv).

Following the settlement of this last appeal, the commissioners made the partition under the district court decree of February 18, 1903. Their report proved acceptable to all parties, except Gurley and the E. G. Hanrick heirs. There then developed a contest over the report of partition between the last-named parties, in the trial of which certain special issues of fact were submitted to a jury. The present appeal was taken by Gurley from the judgment of the district court as rendered upon the report of partition and the findings of the jury in that contest. The honorable Court of Civil Appeals reversed the judgment and remanded the issues between Gurley and the E. G. Hanrick heirs, which alone were involved in the appeal, for further trial. A writ of error was then allowed by this court upon the petition of the E. G. Hanrick heirs, upon the ground that the judgment of the Court of Civil Appeals practically settled the case.

In accordance with the decree of the district court of February 18, 1903, the commissioners of partition set apart to the E. G. Hanrick heirs a tract of 1,759 acres out of the Zarza grant, a part of the common lands in controversy, in satisfaction of the claim of $18,785.89 established by the decree in their favor against the common estate, and interest thereon from the date of the decree, $5,541.83, termed in the proceedings as "the compensation tract." Their right to this tract was later confirmed by the final judgment, though upon a different ground, which was that, under the findings of the jury upon the contest between them and Gurley, E. G. Hanrick was shown to have established, as against Gurley, a limitation title to the tract. The jury trying that contest found that the value of the 1,759-acre tract, in its raw state, was $18 per acre, according to which valua-

tion the value of the tract set apart to the E. G. Hanrick heirs exceeded the amount of their claim, including the interest thereon allowed by the commissioners of partition, by $7,334.28.

The general question involved in the present controversy is the right of the E. G. Hanrick heirs to the award of this 1,759-acre tract. It appears to be an admitted fact that, when the partition of the entire land in controversy in the original action came to be made between all the parties, it developed that Gurley and E. G. Hanrick, in his lifetime, and the latter's heirs after his death, had, aside from the 1,759 acres, sold such quantities of the common lands as to entirely exhaust the interests decreed to them respectively in the judgment of February 18, 1903, which defined the basis of the partition. That is to say, it was disclosed that, excluding the 1,759 acres, Gurley and E. G. Hanrick and his heirs had, by their several and joint sales, already appropriated the full quantum of land to which they were entitled under the judgment, producing the situation, therefore, that in no event was any of the land, other than the 1,759 acres, subject to allotment to either the Gurley or the E. G. Hanrick interest in its own right. Many of these sales, it appears, had been made jointly by Gurley and E. G. Hanrick, or by Gurley and Hanrick's heirs, or their representatives; the proceeds being divided between them, and the transactions extending over a protracted period. Their respective contentions as to which interest was chargeable with some of the sales produced, in the main, the contest between them which constitutes the present controversy. The commissioners of partition, for instance, found that a sale of a tract of 1,625 acres, known as the Goodrich & Clarkson tract, should be charged against the E. G. Hanrick interest. The E. G. Hanrick heirs contended that it should be charged to Gurley alone. The jury found in favor of their contention. A further contest of the report was made by Gurley in respect to his being charged, as between him and the E. G. Hanrick interest, with other tracts. In a word, aside from his contention that the commissioners of partition undervalued the tract of 1,759 acres awarded by them to the E. G. Hanrick heirs in satisfaction of their $18,785.89 claim, which, under the finding of the jury on the question, is apparent, the position of Gurley is that a true accounting of the sales of the lands made by E. G. Hanrick or his heirs, or with which that interest is properly chargeable, reveals the previous disposition by that interest of an excess over its share in the lands, which excess should be offset against the $18,785.89 claim; that this would result in there being freed for partition between the E. G. Hanrick heirs and himself the 1,759-acre tract, in which, upon an adjustment of the equities between them, he is entitled to share in order to obtain his

full one-third interest in the lands decreed him by the judgment.

This embodies three propositions: (1) A right in Gurley, notwithstanding the judgment of February 18, 1903, to which he was a party, to relitigate the E. G. Hanrick claim for expenditures made for the benefit of the common estate, as established by the judgment, and, on account of the alleged excess sales chargeable against the Hanrick interest, either to defeat the claim entirely or obtain its diminution. (2) A further right, notwithstanding the original judgment as reformed and affirmed by this court in 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, which established the respective interests of Gurley and E. G. Hanrick in the common lands, and the judgment of February 18, 1903, which reaffirmed such interests and decreed the partition accordingly, to have a general readjustment of those interests as between each other so as to obtain an allowance of Gurley's equities against the E. G. Hanrick interest. And (3) an additional right in Gurley to appropriate the land set aside for the settlement of the E. G. Hanrick claim, to the satisfaction of his interest as determined by an adjustment of his and the E. G. Hanrick interests between each other.

To allow this to be done involves, substantially, the reopening of the case as between these, now, two rival interests. It would amount, in effect, to a holding, either that the previous judgments rendered in this prolonged controversy settled nothing as between Gurley and E. G. Hanrick and the latter's heirs and were conclusive only of their rights as against the other parties, or, if conclusive of these issues as between them, that the court was without jurisdiction to adjudicate them. The court very clearly, in our opinion, had the power to determine the rights of Gurley and E. G. Hanrick's heirs in the land, not only as against the other parties to the suit, but as against each other; and did so in the judgment of February 18, 1903. If the Hanrick claim against all the other parties, including Gurley, for the expenditures made for the benefit of the common estate, was subject to be defeated or to diminution for any cause, the time and place to have made the issue was in the trial to which the cause was remanded by this court for the express ascertainment of the just amount of that claim. It was established upon that trial, to which Gurley was a party, as amounting to $18,785.89; and by the judgment then rendered it was decreed that "the commissioners should first set aside to the estate of E. G. Hanrick land of the value of $18,785.89, and the remainder of said land shall be divided among the respective parties entitled to participate in same as heretofore provided and in proportion to the interest held by them respectively as set forth in this decree." That judgment was appealed from, was affirmed, and became final.

It established the claim as a prior charge upon all the interests in the lands, as this court had held should be its rank, since its basis was an expenditure for the common benefit of all; and that it should be first satisfied by the allotment of land for its satisfaction, the remainder to constitute the lands subject to partition among the several parties. If Gurley, in order to obtain his full one-third interest in such remainder, was entitled to have any part of or interest in the land otherwise subject to allotment to the E. G. Hanrick estate for the satisfaction of this claim decreed to him, or if to secure that result it was his right to have such provision made as against the E. G. Hanrick interest, full opportunity to obtain that relief was afforded him in the previous trial. To have obtained it, granting that it was necessary, it is apparent that the court would have been required in that proceeding either to reduce as against Gurley the general interest recoverable by the E. G. Hanrick heirs, or else provide that Gurley should share to the extent of his deficit in any land appropriated to the satisfaction of the E. G. Hanrick claim. His contention here is, substantially, that, having failed to obtain a decree to the latter effect in any of the former proceedings in the case, he is still entitled to raise the question and obtain it now through a readjustment of his rights against the E. G. Hanrick interest; no relief being sought against any other interest. In other words, it is that because he did not discover or realize, when the judgment of February 18, 1903, was rendered, that the sales properly chargeable against the E. G. Hanrick interest, made either severally or jointly with himself, would reveal, upon a true accounting between himself and the E. G. Hanrick heirs, the disposition of an excess of lands over the proper share of that interest, rendering it necessary, in order for him to obtain his full interest, that he be allowed to share in the lands to which the Hanrick estate was entitled for the satisfaction of its claim, he is entitled now, in the partition, though the judgment of February 18, 1903, does not so provide, but to the contrary excludes any such right, to have an interest to the extent of his deficit established in any land allotted for the satisfaction of the Hanrick claim, and to a partition of such land accordingly. We are of the opinion that he is clearly concluded by the judgment. According to it, Gurley has no interest in the Hanrick claim, nor in any land set aside for its satisfaction. With his and the rights of the Hanrick heirs already fixed by the judgment, their revision so as, in effect, to decree him an additional interest, effectuated by means of the partition, could not be had in a mere hearing upon the commissioners' report of partition. These questions should have found their settlement in the judgment of February 18, 1903, at the latest, and it therefore concludes them.

With the full opportunity which Gurley has had to obtain their adjustment during all the years this litigation has been pending, he is not entitled to now reopen the controversy for that purpose.

The E. G. Hanrick heirs were alike concluded by the judgment, and could therefore assert no limitation title to the 1,759-acre tract in the contest arising upon the commissioners' report; but, as under the judgment Gurley had no rights in it, the judgment of the district court, sustaining the award of the tract to them as made by the commissioners, was proper.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes