**GULF, C. & S. F. RY. CO. v. SAUNDERS et al. (No. 1534.)**

Court of Civil Appeals of Texas. Beaumont. May 5, 1927.

Rehearing Denied May 25, 1927.

1. **Railroads** ⚖️222(3)—**Railroad is liable for negligent interference with fire department by blocking crossing, with knowledge of efforts to control fire.**

Railroad company is liable for consequences of its servant's negligent interference with fire department by blocking crossing, if they knew, or, in exercise of due care, should have known, of fire and efforts being made to control it.

2. **Trial** ⚖️352(4)—**Issues of negligence in blocking fire department crossing by operating train in manner alleged held not erroneous as abstract and general.**

In action for value of property destroyed by fire, special issues whether defendant railway company, in operating freight train at time and place and in manner alleged, used ordinary care or was guilty of negligence in blocking street crossing, thereby preventing fire department from reaching hydrant, *held* not erroneous as submitting general and indefinite abstract propositions, instead of specific disputed fact issues raised by pleadings and proof.

3. **Trial** ⚖️260(7)—**Refusal of charge that train operators were not negligent in blocking fire department crossing, if reasonably prudent men would have gone ahead, held not error, in view of charge given.**

In action against railway company for value of property destroyed by fire, refusal of charge that train operators were not negligent in blocking crossing, though they saw or heard fire

engine approaching, if they believed they would clear crossing more quickly by going ahead than by trying to stop, and reasonably prudent men would have done same, *held* not error, in view of charge properly defining "ordinary care," "negligence," and "proximate cause."

**4. Trial ⬥194(15), 240—Charge that train operators were not negligent in blocking fire department crossing, if reasonably prudent man would have gone ahead, held properly refused as argumentative and invading jury's province.**

In action against railway company for value of property destroyed by fire, charge that train operators were not negligent in blocking crossing, though they saw or heard fire engine approaching, if they believed they would clear crossing more quickly by going ahead than by trying to stop, and reasonably prudent man would have done same, *held* properly refused as argumentative, and on weight of evidence, taking from jury issue of duty to exercise ordinary care to discover approach of engine, and assuming that defendant was not negligent in operating train at speed and under conditions it approached crossing.

**5. Trial ⬥260(7)—Refusal of charge that plaintiff must establish negligence by preponderance of testimony held not error, in in view of charge given.**

In view of charge to answer questions "Yes" or "No" as jury found by preponderance of evidence, meaning greater weight of credible evidence without regard to its effect on case, court did not err in refusing special charge that burden is on plaintiff to establish negligence or want of ordinary care by preponderance of testimony, and that jury will answer one question "Yes" and another "No," unless they believed from testimony that plaintiff had discharged such burden.

**6. Trial ⬥215—Generally, charge stating effect of answers on ultimate result is properly refused.**

Generally requested charge advising jury of effect of its answers on ultimate disposition of case is properly refused.

**7. Railroads ⬥222(5)—Plaintiffs must establish damages attributable to defendant railway's negligence in blocking fire department crossing.**

In action against railway company for value of property destroyed by fire because of negligent interference with fire department by blocking crossing, burden was on plaintiffs to establish, by competent and credible evidence, the extent of their damages attributable to defendant's negligence.

**8. Appeal and error ⬥882(14)—Appellant, requesting submission of issue, cannot assert absence of evidence warranting submission.**

Defendant, specially requesting submission of issue, inquiring directly of jury extent of plaintiffs' damages attributable to defendant's negligence, is estopped to advance proposition that there was no evidence to warrant its submission.

**9. Appeal and error ⬥272(3)—Assignment in motion for new trial does not obviate failure to except to submission of issue.**

Assignment of error in motion for new trial does not obviate failure to except to submission of issue at proper time.

**10. Railroads ⬥222(5)—Evidence held sufficient for jury and to sustain verdict for damages from railway's negligent interference with fire department by blocking crossing.**

Evidence that fire destroying plaintiffs' property would have been controlled but for defendant railway company's interference with fire department by negligently blocking crossing *held* sufficient to take to jury, and sustain verdict for plaintiffs on issue of damages attributable to such negligence.

**11. Railroads ⬥222(5)—Railroad's liability held for jury on substantial evidence as to loss from fire department's delay by railroad's negligent blocking of crossing.**

If there is substantial evidence to support plaintiffs' contention that loss of property by fire was due to fire department's delay, caused by defendant railway company's negligent blocking of crossing, character of act causing delay, existence of notice and warning, proximate cause, amount of delay, and question whether damages resulted therefrom, are for jury.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Action by Mrs. Mattie E. Saunders and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, Foster & Williams, of Houston, and Terry, Cavin & Mills, of Galveston, for appellant.

McCall &, Crawford, of Conroe, for appellees.

WALKER, J. This suit was instituted by appellees against appellant to recover the value of a house and its contents situated in Conroe, Tex., totally destroyed by fire, on the ground that appellant's servants negligently interfered with the fire department while attempting to extinguish the fire. The detailed facts of this case are fully set forth in our opinion on a former appeal. Railway Company v. Saunders, 286 S. W. 919, which statement we adopt as supplementing our statement here.

A brief statement of the case will make clear the issues on this appeal. In the fall of 1923 the city of Conroe operated a volunteer fire department. The fire station was one block north of the railroad right of way on Collins street east of Chambers street. The house that was destroyed was south of the railroad, adjacent to its right of way, and on the west side of San Jacinto street about 1,200 or 1,300 feet from the fire station. From the fire station the house could be reached by way of Chambers street, San

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jacinto street, or Frazier street; this being the order of the streets crossing the railroad right of way at right angles west from the fire station. The engineer and fireman on one of appellant's trains discovered the fire when the engine was about 100 feet east of the Chambers street crossing and probably 1200 feet east of Frazier street crossing. When the fire was discovered, the train was traveling very slowly, but immediately began increasing its speed, and entered Frazier street crossing at a speed of about eight miles per hour. As soon as the alarm was given, the firemen took the fire engine from the fire station, and started west down Collins street, crossing Chambers and San Jacinto to Frazier street, and down Frazier street to the railroad crossing, where it was blocked by the passing train. The firemen discovered that Chambers street crossing was blocked as they crossed that street was the reason they continued on to Frazier street. The fire engine was equipped with a Klaxon horn, capable of being heard six or seven blocks, which was operated continuously from the time the engine left the fire station until its further progress was blocked by the passing train. Appellant offered in evidence a map made by a competent surveyor, from which we have taken the data as to the distances given. According to this map, it reasonably appears that this fire engine was in view of the engineer and fireman, had they looked towards it, for a large part of the distance from the fire station to the Frazier street crossing. They admitted they saw it about one-half block before they entered that crossing with their train. There was evidence to the effect that some man standing in front of the engine tried to flag the engineer and fireman. There was evidence also that the citizens on the north side of the street were blocked by the passing train in their efforts to reach the fire.

It was appellees' contention that appellant negligently blocked its street crossing, thereby interfering with the fire department in its efforts to extinguish the fire. Special issues Nos. 1 and 2 were as follows, answered as indicated:

"(1) Did the defendant railway company, in the operation of its freight train at the time and place, and in the manner alleged, use 'ordinary care' under all the circumstances in blocking or covering the street crossing, if any, thereby preventing the fire department and its helpers from reaching the water hydrant, if any, on the south side thereof? Answer 'Yes' or 'No.' Answer: No.

"(2) Was the defendant railway company guilty of 'negligence' in the operation of its said freight train at the time, place, and in the manner alleged under all the circumstances in covering or blocking its said crossing on the public street, thereby preventing the fire department and its helpers from having access to the water hydrant, if any, on the south side thereof? Answer 'Yes' or 'No.' Answer: Yes."

In answer to the other issues, it was found: (3) That the negligence of appellant in blocking the crossing was the proximate cause of appellees' loss; (4 and 5) the house was of the value of $5,000, and its contents $1,279.75; (6) the fire department could and would have extinguished the fire, but for appellant's interference; (7) but for appellant's interference appellees' total damage to the house and its contents would have been $779.75.

[1] The case was submitted to the jury, its verdict received, and judgment entered thereon, on the theory that appellant was liable for the consequences of blocking the crossing if its servants had knowledge of the fire and the efforts being made to control it, or in the exercise of ordinary care should have had such knowledge. Appellant properly excepted to this submission, and by special issues duly requested, but refused, presented the theory that a railroad company, charged with interfering with the fire department of a city in its efforts to extinguish a fire, as by blocking its crossing with a passing freight train, can be convicted of negligence only by showing that its servants operating the train had actual knowledge of the fire and the effort being made to extinguish it. Its proposition is:

"The issues raised in a case of this character are similar, if not identical, with those involved in a case of discovered peril."

Appellant is in error in its statement of the substantive law of this character of cases. The rule as announced by the weight of authority is that a railroad company is liable for the consequences of the negligent interference by its servants with the fire department, if its servants have knowledge of the fire and of the efforts being made to control it, or in the exercise of due care should have had such knowledge. American Sheet & Tin Plate Co. v. Pittsburgh & L. E. R. Co. (1906) 143 F. 789, 75 C. C. A. 47, 12 L. R. A. (N. S.) 382, 6 Ann. Cas. 626; Louisville & N. R. Co. v. Scruggs (1909) 161 Ala. 97, 49 So. 399, 23 L. R. A. (N. S.) 184, 135 Am. St. Rep. 114; Bosch v. Burlington & M. R. Co. (1875) 44 Iowa, 402, 24 Am. Rep. 702; Walker v. Missouri P. R. Co. (1915) 95 Kan. 702, 149 P. 677; Clark v. Grand Trunk Western R. Co. (1907) 149 Mich. 400, 112 N. W. 1121, 12 Ann. Cas. 559; Kirstein v. Philadelphia & R. R. Co., 257 Pa. 192, 101 A. 338, 5 A. L. R. 1646; Globe Malleable Iron & Steel Co. v. Railroad Company, 227 N. Y. 58, 124 N. E. 109, 5 A. L. R. 1648:

In the Kirstein Case, supra, on a similar state of facts, it was said:

"If the employees of the defendant company knew when their several trains were approaching the crossing, that a fire was endangering or destroying the plaintiff's property but a half square distant, and that the use of the crossing by the railroad company for its own purpose

would prevent the fire engines from reaching the scene of the fire and rendering timely service in extinguishing the fire, it would have been a manifest duty resting on them to do whatever was reasonably practicable to remove any obstruction to the immediate crossing of the fire engines. When it is sought to charge a railroad company with negligence for allowing such obstruction as here occurred, it is first of all essential that it be made to appear that those in charge of the trains, who were directly responsible for their control, knew *or ought to have known* when they were employing, or about to employ the crossing with their trains, of the unforeseen conditions existing which made such employment, or use of the crossing likely to cause the injury for which recovery is sought." (Italics ours.)

Again, in the Globe Malleable Iron & Steel Company Case, supra, after giving the facts almost on all fours with the facts now before us, the New York Court of Appeals said:

"The jury might well say that its servants should have seen the hose cart coming north on Beach street; should have seen it as it turned easterly over the fields towards Teall avenue; should have realized what this attempt meant, and should have left the Teall avenue crossing clear."

In neither of these cases was the plaintiff required to visit the defendant with actual knowledge of the conditions, but actionable negligence was predicated on the failure to exercise ordinary care to learn such conditions.

[2] Appellant further excepted to special issues 1 and 2, on the ground that they were "in disregard of the statute in reference to submission of cases on special issues, in that special issues 1 and 2 submit to the jury for their answer abstract propositions, general and indefinite, and do not ask for findings on specific disputed issues of fact, which were raised both by the pleadings and proof." In support of its proposition appellant cites Railway Company v. Mendoza (Tex. Civ. App.) 240 S. W. 570, where the charge: "Was the defendant railway company guilty of negligence, as that term is above defined in the operation of its trains and cars, at the time of the accident in controversy in this case?" was criticized on the theory that it was too general. An issue in the language of that case is subject to the exception urged. Rosenthal Dry Goods Company v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882. But, as we understand issues Nos. 1 and 2, they confined the jury to the acts of negligence pleaded and the evidence in support thereof, and therefore were in proper form.

[3] To aid the jury in answering issues 1 and 2 as submitted, appellant requested the following special charge:

"You are instructed that, although the operators of the train may have seen or heard the fire engine approaching the crossing, yet if they believed that they would clear the crossing quicker by continuing the movement of the train than by an effort to stop, they would not be guilty of negligence as that term has been explained to you, even though they may have been mistaken in their judgment, if a reasonably prudent man, under the same or similar circumstances, would have done as they did, and you will bear this instruction in mind in answering question No. 1 and No. 2 of the court's main charge."

The proposition urged against the refusal to give this charge is as follows:

"The question of the negligence vel non of the defendant being entirely dependent on the action of its employees in operating the train and the testimony raising the issue that those operating the train, in the exercise of a sound discretion, instead of attempting to stop the train before reaching or while on the crossing, continued the movement of the train, the court erred in not giving defendant's special charge No. 3, which presented to the jury this defense."

[4] We do not believe this proposition presents error. In its charge to the jury the court properly defined "ordinary care," "negligence," and "proximate cause." These definitions were sufficient to enable the jury to answer questions 1 and 2 as submitted in the court's charge. Appellant, by its proposition, is not complaining of the court's refusal to group the facts constituting its defense, which the requested charge does. We have then only the question of a proper charge to the jury to determine the issue of ordinary care. As against appellant's proposition, the charge given was sufficient. Besides, as we construe this charge, it is both argumentative and on the weight of the evidence, taking from the jury the issue that it was appellant's duty to exercise ordinary care to discover the approach of the fire engine, and assumes that appellant was not guilty of negligence at the speed and under the conditions it approached Frazier street crossing.

[5] On the burden of proof, the court charged the jury:

"Now, bearing in mind the foregoing definitions of ordinary care, negligence, and proximate cause, you will answer the following question, being careful to answer each and all of said questions on a separate sheet of paper, 'Yes' or 'No,' as you may find by a preponderance of the evidence, by which is meant a greater weight of credible evidence in the case, and without regard to the effect the same may have upon the case."

In view of the charge given, the court did not err in refusing to give appellant's special charge:

"You are instructed that the burden of proof is on the plaintiff to establish negligence or the want of ordinary care on the part of those operating the train by a preponderance of the testimony, and, unless you believe from the testimony that the plaintiff has discharged this bur-

den, you will answer question No. 1 'Yes' and question No. 2, 'No.' "

[6] By its requested charge appellant advised the jury of the effect of its answers on the ultimate disposition of the case, which in most cases is improper, and within itself sufficient to condemn the charge. It might be said that any charge of the trial court directing the jury's attention to a special issue and advising them what effect its answer would have on the ultimate disposition of the case would be subject to exception. The charge as given fully submitted the issue of the burden of proof, and the language of this charge, in substance, has been approved in Sunlite, etc., v. Justice (Tex. Civ. App.) 257 S. W. 579. See, also, Dallas Waste Mills v. Texas Cake & Linter Co. (Tex. Com. App.) 228 S. W. 118; Owens v. Navarro County Levee Improvement District, etc., 115 Tex. 263, 280 S. W. 532.

[7, 8] Appellant is correct in its proposition that the burden of proof was on appellees to establish by competent and credible testimony the extent of their damages attributable to its negligence, and though negligence be conceded, in the absence of such testimony the verdict of the jury cannot be sustained. Such was our holding on the former appeal. Though appellant's proposition is sound as abstractly stated, it discloses no error here. Appellant specially requested the submission of issue No. 7, which inquires directly of the jury the extent of appellees' damages attributable to its negligence. Having requested the submission of such an issue, it is now estopped to advance the proposition that there was no evidence to warrant its submission. Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; Hanrick v. Hanrick, 110 Tex. 167, 173 S. W. 211, 214 S. W. 321. Having requested the submission of this issue, of course, it could not then except to its submission, and, having no exception, it cannot now object that the finding of the jury in answer to its specially requested issue is without evidence to support it. Express Company v. Ablon, 110 Tex. 235, 218 S. W. 1030; Smith v. Belding (Tex. Civ. App.) 224 S. W. 562.

[9] The assignment in the motion for new trial does not obviate the failure to except at the proper time. Railway Company v. Huckabee (Tex. Civ. App.) 216 S. W. 666.

[10] Appellant's last proposition is:

"The testimony being conclusive that the plaintiff's property would have been practically totally destroyed even though the train in question had not interfered with the fire department's approach to the fire, the jury's allowance to plaintiff of $5,000 is so grossly excessive and unreasonable as to justify the conclusion that the jury were actuated by some improper motive."

[11] The value of the property in the sum of $6,279.75, as found by the jury, is sustained by the evidence, and appellant has brought forward no bill of exception against the evidence received by the court on that issue. Experienced firemen, viewing the fire as they were blocked at the crossing and its condition when they reached the house, testified that but for the delay it was their judgment the fire could have been extinguished with but little damage. One of them confined the fire to one room, and fixed the damage at $500. It is conceded that appellese did not show absolutely what the result of the firemen's efforts would have been had their efforts not been delayed, yet, under the evidence referred to, there was a showing that the fire would have been controlled but for appellant's interference. This was sufficient to carry the issue to the jury and sustain its verdict. Hurley v. Railway Company, 170 Mo. App. 235, 156 S. W. 57. The difficulty in this character of case is recognized and its consequences thus stated in Valentine v. Railway Company, 155 Mich. 158, 118 N. W. 974:

"Even though the plaintiff's chance to save his timber was, as alleged by defendant's counsel, merely 'a gambler's chance,' he had a right to take it, and the defendant had no right to destroy such chance and render certain the destruction of his timber. Where a certain result is alleged to be a necessary sequence of the operation of natural laws, a correct judgment must usually depend upon an exact knowledge of so many determining factors that such determination must generally be for the jury."

It was said in Hurley v. Railway Co., 170 Mo. App. 235, 156 S. W. 57, announcing the following safe and satisfactory rule:

"If there is substantial evidence to support plaintiff's contention, then the character of the act causing the delay the existence or nonexistence of notice and warning, the question of proximate cause, the amount of delay, and whether damages resulted therefrom, are all questions for the jury. The weight of evidence and the credibility are all questions for the jury."

Appellant cites nothing except the amount of the verdict to convict the jury of improper conduct. We think the weight of the evidence is with the verdict when it is conceded that it was the jury's duty to determine the extent of the loss attributable to the act of appellant in blocking the crossing. Having asked the submission of that issue, on the evidence brought forward in the record, appellant cannot successfully challenge the right of the jury to answer it.

Affirmed.