## DELAWARE & H. R. CORPORATION v. FELTER (SPRINGFIELD FIRE & MARINE INS. CO., Intervener).

### No. 6527.

Circuit Court of Appeals, Third Circuit.

Aug. 25, 1938.

Rehearing Denied Sept. 23, 1938.

Paul Bedford, of Wilkes-Barre, Pa. (Joseph Rosch, of Albany, N. Y., and Thomas L. Ennis, of New York City, of counsel), for appellant.

Ralph Mastriani and Raymond Bialkowski, both of Scranton, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The complaint voiced in the action brought in the Court below, is the loss of the property of the plaintiff below by fire due to the averred negligence of a railroad company in blocking a public highway, thereby preventing a Fire Hose Company from reaching the scene of the fire in time to extinguish the flames before any damage was done.

It is going outside the record but it may be assumed that the owner of the property was insured and that the recovery is for the benefit of the underwriter, so that the questions of law raised may be considered on their legal merits without danger of justice being jostled from its seat by any feelings of sympathy.

The action is one of negligence. There are only two questions raised. The jury resolved both in favor of the plaintiff below. The questions were and are:

1. Was there any evidence of the negligence of the defendant below to support the verdict?

2. Did the negligence, if any, contribute to the damage done?

The Question of Negligence.

The defendant in fact did obstruct the crossing of the highway by its standing train of cars. Grade crossings of highways by railroads are not unlawful under the laws of Pennsylvania, although there is an avowed policy of the law to abolish them when this is practicable. Any movement of a train across a highway does obstruct the crossing for the time being. Such obstructions are unavoidable and hence excusable.

Much time and labor has been devoted to the discussion pro and con of the "reasonableness" of the obstruction here. All this goes to the conclusion to be reached under all the evidence. The cited cases of Kirstein v. Philadelphia & Reading R. Co., 257 Pa. 192, 101 A. 338, 5 A.L.R. 1646, and American Sheet & Tin Plate Co. v. Pittsburgh & Lake Erie R. Co., 3 Cir., 143 F. 789, 12 L.R.A.,N.S., 382, 6 Ann.Cas. 626, treat of this question.

The question presented on this appeal is a much narrower question. It is whether there is evidence of negligence to submit to the jury. The Pennsylvania Act of June 9th, 1911, 67 P.S.Pa. § 452, declares it to be unlawful for a railroad company to obstruct a crossing with their locomotives or cars. This Act was passed since the cases cited were decided. There would, because of this, be evidence in any case of blocking which would carry it to the jury. The trial Judge in this case so ruled, and in this we think he was right.

Did the Negligence Contribute to the Damage?

A distinction must be recognized between negligence and what may be termed actionable negligence. To make negligence actionable it must not only exist but it must have contributed in some degree to the damage done. The highway in this case was blocked and the house of the plaintiff below was burned. Assuming that the blocking was a negligent obstruction did the holding back of the fire apparatus contribute to the damaging progress of the fire? This became an important question in the case.

The defendant below by its Sixth point asked the Court to instruct the jury that unless the delay of the fire apparatus contributed to the loss by fire of the plaintiff's building, the verdict should be for the defendant. The trial Judge so instructed the jury by leaving to it the determination of this question. At the conclusion of his charge he referred to the fact that all the points of charge which he had been requested to make he had covered in his general charge and counsel was invited to withdraw the points. This, however, as was his right, counsel declined to do, whereupon the record shows the following ruling: "The Court: Refused. All points are refused

which are not affirmed." Inasmuch as the Sixth point had been affirmed in the general order, we think this ruling was the equivalent of an affirmation. The fact of the obstruction to the crossing having contributed to the damage sustained by the plaintiff was certainly left to the jury. The Ninth Assignment of Error which refers to the Sixth point can in consequence not be sustained. The other Assignments of Error do not call for special treatment.

The case for the appellant is really based upon its claim of right to a directed verdict, and this in turn depends upon the two questions just discussed. (1) Whether there was evidence to go to the jury to find negligence, and (2) if so found, whether that negligence contributed in any degree to the damage suffered by the plaintiff.

The Assignments of Error are all overruled, and the judgment appealed from is affirmed, with costs.