PETER BURNETT AND WIFE v. FT. WORTH LIGHT & POWER COMPANY.

No. 1838. Decided October 28, 1908

**1.—Negligence—Statute—Contributory Negligence.**

Contributory negligence of plaintiff is equally a defense to an action for injury by defendant's negligence whether the latter, being a violation of a statute or city ordinance, is negligence in itself, or, not resting on statute, consists in the omission of the due care required by the common law. (Pp. 34, 35.)

**2.—Negligence—City Ordinance—Injury to Trespasser.**

The negligence of defendant must be a default in some obligation to the person injured, whether it consists in the omission of a statutory duty or one required by common law. Violation of an ordinance requiring insulation of electric wires did not make the electric company failing to observe it liable to one who was a mere trespasser upon the premises where he came in contact with them. (Pp. 35, 36.)

**3.—Same—Electric Wire.**

A boy of twelve years, trespassing upon the roof of a building, to which he gained access by a stair and trap door, was killed by coming in contact with a guy wire which had become charged with electricity through the neglect of a light and power company to comply with penal ordinances of the city respecting the insulation of their wires. Held that there could be no recovery for his death. (P. 33.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

. *Booth & Knight,* for appellants.—A violation of valid city ordinances is negligence. Texas & P. Ry. Co. v. Brown, 11 Texas Civ. App., 503, and cases cited; Missouri, K. & T. Ry. Co. v. Owens, 75 S. W., 579.

The court erred in instructing a verdict for the defendants, because it is the law that an electric company violating city ordinances can not escape liability for injuries occasioned thereby by showing that the person injured, although an inhabitant of the city, was not on his own property, or was not engaged in any special business mission at the time and place he was injured. Hayes v. Michigan Cent. Ry. Co., 111 U. S., 228; Gulf, C. & S. F. Ry. Co. v. Matthews, 66 S. W., 588, 67 S. W., 788; South & North Ala. Ry. Co. v. Donovan, 84 Ala., 141; Erb v. Morasch, 8 Kan. App., 61; Alabama & V. Ry. Co. v. Carter, 77 Miss., 511; Western & At. Ry. Co. v. Meigs, 74 Ga., 857.

To relieve one from liability on the ground that the injured person is a trespasser, the premises must belong to the person whose negligence is complained of. The above proposition is quoted from a text of Cyc., vol. 29, p. 443. The case of the Commonwealth Electric Company v. Melville, 210 Ill., 70, is cited as supporting the proposition. As we understand it the above proposition is directly sustained by the case of Guinn v. Delaware & Atl. Tel. & T. Co., 62 Atl., 412, 3 L. R. A. (N. S.), 988, and also by the case of Caglione v. Mount Morris Elec. L. Co., 67 N. Y. Supreme, 660, and by Wittleder v. Citizens Elec. I. Co., 62 N. Y. Supp., 297, and by the case of Davoust v. City of Alameda, 5 L. R. A. (N. S.), 536; Lynchburg Telephone Co. v. Booker, 103 Va., 595.

*R. L. Carlock* and *Capps, Cantey, Hanger & Short,* for appellees. —The court did not err in instructing a verdict for the defendants in this case because the undisputed evidence showed that the negro boy received the electric shock while he was a trespasser on top of a two story building, known as the "Dundee Building." The said roof was not a place to which the public had a right to resort and was not easily accessible to the public, and the said boy, in going out upon the said roof, was an intruder or trespasser; and even if it should be held that these defendants were responsible for the wire over the said building becoming charged, and even if it should be held that any breach of the city ordinances was committed by these defendants in permitting said wire to become charged over the roof of the said building, still there was not sufficient evidence to go to the jury on the question of liability in the case because, from all the circumstances, the defendants could not reasonably anticipate or expect that some trespasser would go out upon the roof of the said building and come in contact with said wire. In other words, there was no testimony authorizing the jury to conclude that the defendants ought to have anticipated or to have reasonably foreseen that such an injury would have occurred. Brush Electric Light & Power Co. v. Lefevre, 93 Texas, 604; Keefe v. Electric Light Co. of R. I., 4 Am. Neg. Reports, 218; Hector v. Boston Elec. Lt. Co., 25 L. R. A., 554; Newark Elec. Lt. Co. v. Garden, 37 L. R. A., 725; 15 Cyc., 475.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question for our decision by the Court of Civil Appeals for the Second Supreme Judicial District. The certificate is as follows:

"On January 15, 1908, the judgment in this case was reversed and the cause remanded in an opinion that day filed by us, a copy of which accompanies this certificate, wherein the case was thus briefly stated:

"'A negro boy about twelve years old went with a companion near the same age to the roof of the Dundee Building in Fort Worth, Texas, passing up a stairway and out through a trapdoor, and was there instantly killed by coming in contact with a live guy wire which had become charged with electricity through the failure of the appellees to comply with one or more of the penal ordinances of the city of Fort Worth. This suit was brought by the parents of the deceased boy against the appellees to recover damages on account of their failure to observe said ordinances. The court instructed the jury to return a verdict in favor of the appellees, and to this the errors are assigned.'

"Since then the case of the City of Greenville v. A. C. Pitts has been decided by Your Honors and brought to our attention by the appellees, who have filed a motion for rehearing which is now pending. We are inclined to distinguish this case from the one before us on the ground that the case cited was one of common law liability, whereas in the one we have to deal with the liability is exclusively statutory, and also upon closer examination of Power Co. v. Lefevre, 93 Texas, 604, to further distinguish that case on the same ground, since it was there held that the statutory liability should have been eliminated on demurrer, our inclination being, as said in Clements v. Louisiana Electric Light Co., 16 L. R. A., 43, to treat the ordinance or ordinances relied on as "a contract with each and every inhabitant of the city"; and on the alleged trespass feature to follow Davoust v. The City of Alameda, 5 L. R. A. (new series), 536. See, also, Hayes v. Michigan Cent. R. R. Co., 111 U. S., 228.

"But inasmuch as we entertain serious doubts as to whether this course would finally be sustained by Your Honors, and as this could not be determined without another trial and appeal, after considerable delay and expense, we deem it advisable to now certify to Your Honors for decision the question raised by the counter propositions other than the first, set out and discussed in our opinion above referred to, and particularly by the third counter proposition, which denied liability on the ground "that the roof of the Dundee Building was not a place to which the public had a right to resort; that in going out upon said roof the boy was an intruder or trespasser, and that from all the circumstances the appellees could not reasonably have anticipated or expected that some trespasser would go out upon the roof of said building and come in contact with said wire"; that is, did the court err in instructing a verdict on the ground, the evidence showing that the boy had no business on the roof and had no permission from the owner to be there, although a way of access had been provided by means of a stairway from the street

and a trapdoor to the roof? For a fuller statement of the question involved we respectfully refer to our opinion and the briefs of both parties."

In the case of the City of Greenville v. Pitts (107 S. W., 50), referred to in the certificate it was distinctly held that the city was not liable for the injury inflicted in that case, for the reason that the plaintiff went upon the building in pursuit of his own business without invitation or express permission from the owner thereof. This was in accordance with the ruling in the case of the Brush Electric Light & Power Co. v. Lefevre (93 Texas, 604), which is also referred to in the certificate. The reasoning of the court upon which that opinion is based is, that since there was not a scintilla of evidence that the awning over which the wires were stretched "had ever been used by any person as a place of resort either for pleasure or business," therefore the injury could not have been anticipated and the defendant was not liable. In that case there was an attempt to plead an ordinance making it the duty to keep its wires insulated, but a special demurrer was sustained to the allegation for vagueness of pleading. There is not a suggestion in the opinion in the case that if the ordinance had been well pleaded it would have made any difference. It is almost universally held that the violation of a statutory duty is negligence per se. But, as we understand it, this is the difference between negligence at common law, usually a question of fact, and the violation of a statutory duty—"only this and nothing more." When a plaintiff sues for the neglect of the provisions of a statute, or of the ordinance of a city, and proves such violation and that he has been injured as the approximate cause thereof, he has established the first postulate in his case, that is the negligence of the defendant; but does this preclude the defendant from showing that he has been guilty of contributory negligence? We have been unable to find any authority which countenances a contrary doctrine in any of the books. We find nothing in the case of Clements against the Louisiana Electric Company (16 L. R. A., 43) to sustain the doctrine. In that case Clements was employed to go upon the roof of a gallery to make some repairs, and while there, without negligence on his part, came in contact with an electric wire belonging to the defendant company which was not insulated as required by an ordinance of the city of New Orleans. The defendant having a right to be upon the roof and not being shown to be guilty of contributory negligence was held entitled to recover. The case of Davoust v. City of Alameda (5 L. R. A., N. S., 536) is sufficiently shown by the following part of the head note: "An electric light company causing the death of a person by negligently leaving a live wire on the ground can not escape liability because such person was at the time on a path leading across a vacant lot, where the owner had for many years permitted the public to use the path, so that the deceased might be regarded as a licensee." It is evident from this that the point we have under consideration could not have been decided in that case. So in Hayes v. Michigan Central Ry. Co. (111 U. S., 228), it was held; where

a person was injured by falling into an excavation along the line of the track of the company which it had been required to fence by an ordinance of the city, that "if a railroad company, which has been duly required by a municipal corporation to erect a fence upon the line of its road within the corporate limits, for the purpose of protecting against injury to persons, fails to do so, and an individual is injured by the engine or cars of the company in consequence, he may maintain an action against the company and recover, if he establishes that the accident was reasonably connected with the want of precaution as a cause, and that he was not guilty of contributory negligence."

On the other hand the doctrine is laid down in England that a person who sues for damages for an injury resulting from the failure of defendant to comply with a statutory duty can not recover if it be shown that he is guilty of contributory negligence. "That a person guilty of contributory negligence should not recover even when the injury arises from neglect to observe a statutory duty is not only reasonable, but clear law." (1 Beven on Negligence, p. 337.) In the case of Caswell v. Worth (5 Ellis & Blackburn, 849), Mr. Justice Coleridge says: "The statute makes the omission of a certain act illegal, and subjects the parties omitting it to penalties. But there can be no doubt that a party receiving bodily injury through such omission has the right of suing at common law. The action, however, must be subject to the rules of common law; and one of those is, that a want of ordinary care, or wilful misconduct, on the part of the plaintiff, is an answer to the action." See also Britton v. Great Western Cotton Co., L. R. 7 Ex., 130; Caswell v. Worth, 5 El. & Bl., 849. The same doctrine is laid down in the following American cases, Queen v. Dayton Coal & Iron Co., 95 Tenn., 458; O'Donnell v. Providence & Worcester R. R. Co., 6 R. I., 211.

In the Tennessee case and the Rhode Island case just cited, it was held although the duty of the defendant was statutory, contributory negligence was a defense to the suit.

We have found no case except those of Greenville v. Pitts and Lafevre v. Galveston, which decides the proposition that a trespasser is without remedy in such a case. But in neither of the cases last mentioned was there any other defense and in neither was the plaintiff held entitled to a recovery. We fail to see how a trespasser acquires any right by reason of the negligence arising from the violation of an ordinance of a city or a statute rather than from negligence at common law.

In Bishop on "the Written Laws" the author sums up the law on the subject discussed as follows: "One who disobeys the law subjects himself to any proceeding, civil or criminal, which the same law has ordained for the particular case. In the absence of which ordaining, or in the presence of it when not interpreted as excluding other methods, he is liable to those steps which the common law has provided for cases of the like class; as, to an indictment, or to a civil action, or to both, according to the nature of the offending. The civil action is maintainable when, and only when, the person complaining is of a class entitled to take advantage of the law, is a suf-

ferer from the disobedience, is not himself a partaker in the wrong of which he complains, or is not otherwise precluded by the principles of the common law from his proper standing in court." (Bishop on Written Laws, para. 141. See also cases there cited.)

We answer that in our opinion, since the deceased boy was clearly a trespasser upon the roof of the building where its wires were strung, that plaintiffs are not entitled to recover.