PANHANDLE TELEPHONE & TELE-
GRAPH CO. v. HARRIS.

(Court of Civil Appeals of Texas.   Feb. 25,
    1911.   Rehearing Denied April 8, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 20*)—
   WIRES — DEFECTIVE CONSTRUCTION — INJU-
   RIES TO THIRD PERSONS — CONTRIBUTORY
   NEGLIGENCE.
       Plaintiff was employed by the owner of a
   building to repair the roof over and on which
   defendant telegraph company maintained two
   electric wires.   In making the repairs, it was
   necessary to loosen the wires from the roof
   comb.   The first was removed in safety, but on
   releasing the second a guy wire which held it
   in position broke from its fastening, causing the
   wire to come in contact with a trolley wire,
   communicating a severe shock to plaintiff.   The
   cause of the accident was that the guy wire was
   insecurely nailed.   Held, that plaintiff was not
   negligent as a matter of law.
       [Ed. Note.—For other cases, see Telegraphs
   and Telephones, Cent. Dig. § 13;  Dec. Dig. §
   20.*]

2. TELEGRAPHS AND TELEPHONES (§ 15*) —
   WIRES—MAINTENANCE—CARE REQUIRED.
       Where a telegraph and telephone company
   maintained its wires over the roof of a building,
   it was bound to exercise ordinary care to secure
   them, so as not to injure a third person rightly
   engaged on the roof of such building, having
   occasion to remove the wires in the prosecution
   of the work.
       [Ed. Note.—For other cases, see Telegraphs
   and Telephones, Cent. Dig. § 9;  Dec. Dig. §
   15.*]

Appeal from District Court, Potter Coun-
ty;  J. N. Browning, Judge.

Action by R. A. Harris against the Pan-
handle Telephone & Telegraph Company.
Judgment for plaintiff, and defendant ap-
peals.   Affirmed.

Reeder & Graham, for appellant.   R. R.
Hazlewood and Lumpkin, Merrill & Lump-
kin, for appellee.

SPEER, J.  [1] Appellee R. A. Harris re-
covered a judgment against the Panhandle
Telegraph & Telephone Company for damages
for personal injuries received by him under
the following circumstances:   Harris was
employed by the owner to repair the roof of
a building over and upon which the Tele-
graph & Telephone Company maintained two
of its electric wires.   In making the needed
repairs, it became necessary to loosen these
wires from the comb of the roof to which
they were attached with nails driven through
insulating knobs.   The first of these wires
was removed with safety, but upon releasing
the second a guide wire which held it in
position broke from its fastenings on an-
other building some distance east from the
one on which Harris was at work, thus
slackening the telegraph wire and causing
it to come in contact with the trolley wire
of an electric railway company in the street
adjacent to the building, communicating a
severe shock to Harris, resulting in serious

injuries.   The plaintiff alleged, and his evi-
dence showed, that before attempting to re-
move the wires he observed that they were
apparently made fast to the building east
of the one on which he was at work, and
there is nothing to indicate that he knew to
the contrary.   The guide wire above refer-
red to was nailed to this building, but with
a small nail only, partly driven up and ap-
parently bent over to hold the wire.   It was
the giving way of this nail when Harris pried
the telephone wire loose from the comb of
the building on which he was at work that
precipitated the accident.

It is the contention of the appellant, Tele-
phone & Telegraph Company, both on demur-
rer and on objection to the sufficiency of the
evidence, that Harris should not recover
because of his own contributory negligence.
But, to say the most of it, the question of
contributory negligence was one of fact for
the court trying the case.   It cannot be held
as matter of law that one is guilty of con-
tributory negligence, merely because he is
engaged in a business known by him to be
dangerous.   Prudent men often engage in
such undertakings.   The test of their right
to recover when injured is whether or not,
under all the circumstances, they were
guilty of negligence at the time of the injury.
Besides, there is nothing to indicate that
Harris knew of the danger of the guide
wire's coming loose, thus causing the main
wire to come in contact with the traction
company's trolley wire, and it was this de-
fect that proximately caused the injury.

[2] Appellee was rightfully on the build-
ing, and the law is too well settled to re-
quire citation of authorities that appellant
company owed him the duty of exercising
ordinary care in the manner of maintaining
its wires at such place in such way as not
to injure him.   The case is not ruled by
Burnett v. Ft. Worth Light & Power Co., 102
Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.)
504, and City of Greenville v. Pitts, 102 Tex.
1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132
Am. St. Rep. 843, for in each of those cases
the plaintiff was a trespasser, and the de-
fendant company owed such person no du-
ties whatever.

We find no error in the judgment, and it
is affirmed.