**GALVESTON ELECTRIC CO. v. TROUBLE-FIELD.  (No. 8819.)**

(Court of Civil Appeals of Texas. Galveston. April 29, 1926.)

1. Trial ⬛➡194(19)—Instruction, in motorman's action for injuries in head-on collision, that it was defendant's duty to keep track clear, in absence of notice to contrary, held on the weight of the evidence, an issue was for jury.

In street car motorman's action for injuries suffered in head-on collision with wrecking car, instruction that it was defendant's duty to keep track clear, and motorman could presume track to be clear, in absence of notice that wrecker was coming, *held* on the weight of the evidence, since issue of company's negligence in sending wrecker west on east-bound track was for jury under the circumstances.

2. Trial ⬛➡194(15)—Court may not instruct jury that any conduct is negligent unless it violates statute or valid ordinance or reasonable minds cannot differ.

Court may not instruct jury that any conduct is negligent unless it violates statute or valid ordinance or is so opposed to dictates of prudence that reasonable minds cannot differ in conclusion that it is wanting in ordinary care.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by J. B. Troublefield against the Galveston Electric Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, for appellant.

Frank S. Anderson, of Galveston, for appellee.

PLEASANTS, C. J. This is a suit by appellee against appellant to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The trial in the court below with a jury resulted in a verdict and judgment in favor of appellee in the sum of $2,000.

The negligence of appellant, upon which recovery is sought, is thus alleged in plaintiff's petition:

"That on or about the 26th day of December, 1922, the plaintiff was in the employment of the defendant as a motorman, and on said date was motorman of car No. 28, then and there being operated by said defendant, which said car was a passenger car, operated by the defendant for the carrying of passengers for hire, and that it was the duty of the defendant, in the operation of its said street cars, to keep the track clear on which said car No. 28, in charge of the plaintiff, was proceeding in an easterly direction upon and along said Avenue J, and not permit other cars or wreckers operated by the defendant to proceed in a westerly direction on the same track, without notifying the plaintiff in person or by signals, so as to avoid colliding with cars proceeding in a westerly direction on the same track, and so as to avoid injury to the plaintiff and the other employés of the defendant in charge of and operating said car No. 28, but that the defendant wholly failed and neglected to observe any or either of the duties and obligations upon its part, as aforesaid, and, as the plaintiff was operating said car No. 28 in an easterly direction by and under the direction of the defendant, and as he had the right to do, and was directed to do, as aforesaid, at about 8:20 o'clock p. m., and while the night was dark, foggy, and stormy, and the vision of the plaintiff interfered with on account thereof, the defendant carelessly and negligently, and in violation of its duties and obligations aforesaid, and without any warning or notice to the plaintiff, caused a wrecker propelled by electricity to proceed westerly on the same track upon which car No. 28 in charge of the plaintiff was proceeding easterly, without any lights

to warn the plaintiff of the approach thereof, and without ringing any bell whatsoever, and as the car propelled by plaintiff was at or about the intersection of Nineteenth street and said Avenue J, the said wrecker ran into and collided with said car No. 28, and struck the plaintiff, who was at his place of duty on the front end of said car No. 28, with great force and violence, causing the injuries to the plaintiff hereinafter set forth, all of which was proximately caused by and through the negligence of the defendant, as hereinabove set forth."

The defendant answered by general demurrer and general denial, and by the following plea of contributory negligence and of accord and satisfaction:

"And for further and special answer herein. if required, defendant alleges that plaintiff ought not to have or maintain this suit against it, because plaintiff was guilty of negligence and contributory negligence, which proximately caused, occasioned, or contributed to the injuries, if any, received by him, which negligence or contributory negligence on plaintiff's part consisted of the following facts: That at the time mentioned in plaintiff's petition there was a break in the trolley wires of the defendant at Eighth street and Avenue J. in the city of Galveston, so that cars of defendant going east on Broadway on the south side of Broadway could not transfer, as was customary, over to the west-bound track on the north side of Broadway. Plaintiff was the motorman in charge of one of defendant's cars which went east on the south side of Broadway up to the point where the break in the trolley line prevented it from going further, or from transferring over to the west-bound track. The wrecking car of defendant was ahead and east of the car of which plaintiff was motorman at this time. Because of the facts above alleged, the operatives of defendant's car were instructed to back the same on the south side of Broadway and advised that the wrecker or wrecking car would follow them. When the car of which plaintiff was motorman reached about the intersection of Twentieth and Broadway, it met another car which was east bound, on the track, and a stop was made in order that the passengers on the last-mentioned car could be transferred to the car of which plaintiff was motorman. When this was done, the car of which plaintiff was motorman proceeded east on Broadway with plaintiff on the front end thereof; plaintiff well knowing at all of said times that the wrecking car of defendant was ahead of him on the track. Plaintiff collided head-on with the wrecking car of defendant on Broadway between Seventeenth and Eighteenth streets, although the wrecking car was standing still at the time of the collision, and had been for some time theretofore, and although the lights on the wrecking car were burning, and although the operatives thereof were doing all in their power by signal and otherwise to stop plaintiff from colliding his car with the wrecker. The said accident was caused solely by the negligence of plaintiff in running the car of which he was motorman at an excessive rate of speed, without keeping any lookout for the wrecker on the track ahead of him and in running into the same while the latter was standing still. If it be claimed that plaintiff could not see the wrecker because the vestibule door of plaintiff's car was open and consequently the lights coming from the interior of the car prevented him from seeing ahead, he was then guilty of negligence and contributory negligence in running or moving said car with the vestibule door open in that condition, which was in violation of the rule of defendant, and defendant stands ready to verify all of the foregoing.

"Defendant further shows to the court that plaintiff ought not to have or maintain this suit against it, because on the 2d day of January, 1923, there was a settlement and accord and satisfaction between plaintiff and defendant of all of the cause of action sued on herein, under and by which defendant paid plaintiff the sum of $33.50 in full settlement, satisfaction, release, and discharge of all of the cause of action sued for by him herein, and plaintiff executed a release in writing releasing and discharging defendant from all claims, demands, and causes of action against it, which had then accrued, or might thereafter accrue to plaintiff for all damages of every nature whatsoever received and resulting from the collision above mentioned and the matters and things alleged in plaintiff's petition."

By supplemental petition plaintiff alleged in substance that the release pleaded in defendant's answer was obtained from plaintiff by fraud and misrepresentation, in that defendant represented and promised plaintiff that, if he would execute the release, he would be retained in defendant's service as a motorman, and that, at the time such representation and promise were made, defendant did not intend to retain plaintiff in its employment, but made said promise for the fraudulent purpose of inducing plaintiff to execute the release. But plaintiff believed and relied upon defendant's said promise, and in reliance thereon signed the release, and the defendant, in pursuance of its fraudulent purpose and design, after obtaining the release, discharged plaintiff from its service.

The record discloses that appellee, as alleged in his petition, sustained personal injuries as a result of a collision between a street car of appellant which appellee was operating as motorman and a wrecking car which was being operated by other of appellant's employés. The collision occurred on Avenue J in the city of Galveston.

In the operation of its street car system in the city of Galveston, appellant uses two tracks on this avenue, which runs east and west. There is a boulevard along the center of the avenue, and one car track is on the north and the other on the south side of the boulevard. These two parallel tracks extend to within a short distance of the east end of the avenue, where they converge toward each other and connect with a single track. The north track on the avenue is used for inbound cars, that is, cars going west, and outbound cars going east use the south track. Each of these tracks connects at Twenty-First street with tracks of appellant

running north and south on that street. The collision occurred at 8:15 p. m. on December 26, 1922. Shortly before this a car had been derailed on the track at the east end of Avenue J, and traffic on this line had become blocked. To relieve this situation the wrecking car had been sent out by appellant. This car had proceeded east on Avenue J to the west end of the single track, but was unable to get on this track because the wreck had interrupted the power connection. While the wrecking car was standing about 10 feet west of the west end of the single track, and its crew and appellant's linemen were engaged in repairing the trolley wire, appellee, who was operating one of appellant's passenger cars going east on Avenue J, arrived on the scene. After remaining there a few minutes and conversing with the crew of the wrecking car, as appellee testified, Mr. Turley, appellant's inspector "dispatched us back on the same track we had gone east at Twenty-First." The double tracks on Avenue J connect with the single track at or about Ninth street. Coming back from the wrecking car, appellee met another car between Twentieth and Twenty-First streets going east. This car transferred its passengers to appellee's car, which then reversed its course, returning east on Avenue J. At some point between Nineteenth and Ninth streets, the collision occurred between appellee's car and the wrecking car, which was returning from the place at which it had been left by appellee when he started west under the direction of appellant's inspector. There had been a rain and electric storm that evening, and the weather was misty at the time of the collision.

There is evidence that the wrecking car was not sounding its gong as it came towards appellee's car, and appellee testified that he did not see any light on that car. All of the other witnesses, five or six in number, and including two or three passengers on appellee's car, testified that lights on the wrecking car were burning. The evidence shows that appellee's car was running at a speed of 10 miles an hour. The wrecking car was stopped before the collision, but appellee made no effort to stop his car in time to avoid the collision.

C. S. McLim, a witness for the appellant, who is its superintendent of transportation, testified:

"When there is an accident on the lines of the Galveston Electric Company, and the wrecker is called out, the wrecker, in case of trouble, has the right of way over all cars. Well, there isn't anything with reference to a back-tracking specified in that right of way, to the best of my knowledge. Well, if it becomes necessary for the wrecker to back-track, if it becomes necessary or advisable for it to do that, it has the right of way of passenger carrying cars; yes, sir."

On cross-examination, the witness McLim testified:

"This rule that I speak of with reference to the right of way, I believe it is in writing. I haven't a copy of the rules with me; no. When the wrecker is called at any time, there are rules that say the wrecker shall have the right of way. With reference to whether I mean to tell this jury that a wrecker may back-track without any notice to the cars that are coming towards it, passenger cars, and without the slightest warning that the wrecker is on the track, has the right of way, and the right to run irrespective of passengers cars, no; I don't believe so."

[1] Upon this state of the evidence the trial court gave the jury the following instruction:

"You are further instructed that it was the duty of the defendant, in the operation of its street cars, to keep the track clear on which car No. 28, being operated by the plaintiff as motorman, was proceeding in an easterly direction, and not permit other cars operated by the defendant to proceed in a westerly direction on the same track, without notifying the plaintiff, so as to avoid colliding therewith, and if you believe from the evidence that car No. 28, of which the plaintiff was motorman, started easterly on the east-bound track, at about between Twentieth and Twenty-First streets, after the exchange of passengers, in the absence of any notice to, or knowledge on the part of, the plaintiff that the wrecker was proceeding westerly at the same time and on the same track, and if you further believe from the evidence that the plaintiff was otherwise free from negligence. he had the right to reasonably indulge the presumption that the east-bound track was clear, and that no other car was being operated in a westerly direction on the same track."

Under appropriate propositions, appellant complains of this charge on the ground that it is upon the weight of the evidence in that it, in effect, tells the jury to find the appellant guilty of negligence if they believe from the evidence that notice was not given appellee that the wrecking car would return west over the south track on Avenue J. This objection to the charge must be sustained.

[2] The language of this instruction is unambiguous, and the jury must have understood therefrom that they should find the defendant negligent as charged in plaintiff's petition if they believed from the evidence that the appellee was given no notice that the wrecking car would, in returning from the place where appellee had left it, proceed west on the same track on which appellee was proceeding east. It is well settled that a court may not instruct a jury that any act or conduct is negligent unless such act or conduct is in violation of a statute or some valid municipal ordinance, or is so opposed to the dictates of prudence that reasonable minds cannot differ in the conclusion that it is wanting in ordinary care. There was no statute or ordinance forbidding this movement of the wrecking car, and it cannot be held on the facts of this case that such movement was so wanting in ordinary care that reasonable

minds could not differ in the conclusion that it was negligent. The issue of defendant's negligence in sending the car west on the south track without notice to appellee, under the circumstances shown by the evidence, was clearly one of fact for the jury, and the court erred in taking that issue from them.

This error in the charge of the court requires that the judgment be reversed, and, in view of another trial, we deem it inappropriate to set out the evidence in detail or discuss its weight or sufficiency to sustain the verdict in appellee's favor.

For the error in the charge above pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.