## FIDELITY UNION CASUALTY CO. v. SOUTHWESTERN BELL TELEPHONE CO. et al.

### No. 2758.

Court of Civil Appeals of Texas. El Paso.

Feb. 9, 1933.

Collins & Houston, of Dallas, for appellant.

P. P. Ballowe, Hughes & Monroe, Nelson Phillips, and C. C. English, all of Dallas, for appellees.

WALTHALL, Justice.

This suit was brought by appellant, Fidelity Union Casualty Company, for itself and for V. O. Pannell, and Mrs. Elvira Pannell, against the appellees, Southwestern Bell Telephone Company and H. L. Curd to recover damages for negligently causing the death of Ralph Pannell, the adult and unmarried son of V. O. and Elvira Pannell.

Appellant was the compensation carrier of W. B. Stovall. Ralph Pannell, an employee of Stovall, was killed while in the employ of Stovall. Appellant had paid V. O. and Elvira Pannell, Ralph Pannell's beneficiaries, the compensation, and this suit was to recover the compensation paid and the alleged excess of damages on account of the death of Ralph, for the use and benefit of Mr. and Mrs. Pannell.

W. B. Stovall operated an independent telephone system in Ellis county, Tex., and under a contract with the Southwestern Bell Telephone Company had attached his telephone wires to certain of the poles of the Southwestern Bell Telephone Company.

The court sustained Stovall's plea in abatement and as to appellant and appellees submitted to the jury the issues tendered by the pleadings. The issues submitted and the jury's findings thereon, briefly stated, are substantially as follows:

The telephone pole in question was not in a safe condition for Ralph Pannell to work upon; the Southwestern Bell Telephone Company and H. L. Curd (the telephone company's supervisor in charge of its lines, poles, etc.) were negligent in failing to keep said pole in a safe condition for Ralph Pannell to work upon, and that said negligence was the proximate cause of Ralph's death; the telephone company and Curd failed to inspect the pole in question prior to the time Ralph went upon it to work; such failure to inspect said pole was negligence and a proximate cause of Ralph's death; the telephone company and Curd failed to warn Ralph of the unsafe condition of said pole; such failure to warn was negligence and a proximate cause of Ralph's death; neither the telephone company, nor Curd, nor any one acting for them, requested Ralph to remove from the pole that fell with him "the paired wire belonging to the defendants"; Ralph climbed the pole that afterwards fell with him without first making an inspection of it for his own safety, and in so doing Ralph was guilty of negligence, and such negligence was a proximate cause of his death; Ralph's failure to make an inspection of the pole was "contributory negligence" and a proximate cause of his death. On cutting away some of the wires from the pole and before it fell with him, Ralph had notice, or in the exercise of ordinary care could have had notice, from a twist or turn or other movement of the pole, that the pole had become weakened or broken by the removal of the wires that had been removed; Ralph did not use ordinary care for his own safety in cutting the remaining wire or wires, and such failure to use ordinary care for his own safety was a proximate cause of his injuries and death; while Ralph was on the pole which later fell with him, Curd, the foreman of the telephone company, said to Mr. Wilson, Stovall's foreman, that the pole ought to be guyed, that Ralph did not hear, nor in the exercise of ordinary care could have heard, Curd's statement to Wilson; Ralph was guilty of contributory negligence in failing to guy the pole which fell with him before finally cutting all of the wires therefrom, and such contributory negligence was a proximate cause of his death; the death of Ralph Pannell was not the result of an unavoidable accident. The jury found that $750, if paid now, would reasonably compensate V. O. and Elvira Pannell for the loss to them of such contributions as may have been made by their son Ralph had he lived. The court gave the jury other instructions not necessary to state here. The court entered judgment for appellees, and appellant prosecutes this appeal.

## Opinion.

■ Appellant submitted and requested the court to give the following charge: "At the request of plaintiff, Gentlemen of the Jury, I charge you that Ralph Pannell was under no duty to inspect the telephone pole that broke causing his death, either before or after climbing the same; he was only required to use ordinary care for his own safety, and if no danger was apparent from observing said pole, he was not required to make an inspection to find some latent defect."

Appellant makes the contention that Ralph Pannell, deceased, was acting in the employment of Stovall in climbing the pole that fell causing his death, and that Stovall had a lease contract with the telephone company on certain poles including the one that fell; that Ralph was an invitee on said pole and owed no duty, in the use of ordinary care for his own safety, to inspect said pole to discover latent defects, and the court erred in refusing to give the submitted special charge.

We think the court was not in error in refusing to give the requested charge. We regard the charge as a general charge on the law. The case was submitted on special issues. Article 2189, R. C. S., provides that when a case is submitted on special issues the court shall submit only "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The requested charge was not an explanation or definition of a legal term as was necessary to enable the jury to properly pass upon and render a verdict on such issues. Texas & Pacific Ry. Co. v. Perkins (Tex. Com. App.) 48 S.W.(2d) 249; Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Texas-Louisiana Power Co. v. Bihl (Tex. Civ. App.) 43 S.W.(2d) 294; Kemper v. Police & Firemen's Insurance Ass'n (Tex. Com. App.) 48 S.W.(2d) 254.

The charge was also objectionable as being on the weight of the evidence. See the Texas & Pacific Ry. Co. v. Perkins Case, supra. The court had sufficiently explained and defined the legal terms used in the charge.

In answer to interrogatories 16, 17, and 18, the jury found that Ralph Pannell made no inspection of the pole which fell with him and caused his death; that such failure to make an inspection of the pole was contributory negligence on his part, and was a proximate cause of his injury and death. Appellant objected to the submission of the issue as to Ralph's failure to inspect the pole he being an invitee, and had a right to assume that it was safe for him to climb upon it without such inspection, and that a failure to inspect the pole would not under the evidence constitute contributory negligence.

■ The evidence shows, without quoting it, that Ralph was an experienced lineman, had been warned to be careful as to that pole, knew how to inspect poles, knew that the pole was old and swayed in the wind. Conceding that he was an invitee as to appellees, which we do not decide, he was not an employee of appellees in climbing the pole; it was a question of fact for the jury and not of law for the court, we think, under all of the evidence whether Ralph should have inspected the pole before climbing it, in the exercise of care for his own safety. The jury should be free to decide for themselves whether a party exercised the requisite care for his own safety where the evidence is sufficient to suggest caution or danger, as here. The requested charge told the jury that as a matter of law Ralph did not have to inspect the pole in the exercise of ordinary care. Such charge, in view of the evidence, would have been error, we think. However, in view of other issues, submitted and found by the jury, if properly submitted, the submission of the issue last above discussed would not be reversible error. The cases referred to by appellees, we think, support their contention that the issue last above discussed was an issue of fact for the jury. They are: Paris Transit Co. v. Faith (Tex. Com. App.) 231 S. W. 1080; Galveston Electric Co. v. Troublefield (Tex. Civ. App.) 285 S. W. 634; Gulf, C. & S. F. Ry. Co. v. Saunders (Tex. Civ. App.) 295 S. W. 283; Missouri, K. & T. Ry. Co. v. Luten (Tex. Com. App.) 228 S. W. 159; St. Louis Southwestern Railway Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065, in which it is said that all men, as a rule of action, to avoid such injury, ought to use the care that such a man would exert under like circumstances, 16 Tex. Juris. § 25; 45 Corpus Juris, § 244, in which it is said, in effect, that the invitee assumes all normal or ordinary risks attendant upon the use of premises, and that the owner is not liable to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care; 45 Corpus Juris, §§ 507 and 512, and 522; International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Burnett v. Fort Worth Light & Power Co., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504, the last two are Supreme Court opinions.

■ To issues 26 and 27 the jury found that Ralph Pannell was guilty of contributory negligence in failing to guy the pole which fell with him before finally cutting all the wires therefrom, and that such contributory negligence was a proximate cause of his death. To the submission of said issues appellant objected on the ground that Ralph was an invitee of appellee telephone company; that the evidence showed that the pole looked safe and sound, no patent defects or weakness; that Curd had inspected the pole a few minutes before it fell and had not guyed it; that it was not incumbent upon Ralph to guy the pole.

The objections nor the proposition go to form or manner in which the issues were submitted, but that under the facts and the evidence the issues should not have been submitted.

The evidence shows: There were two cross-arms on the pole, and Ralph was astride one of them and had worked there about an hour before the pole fell; two guy wires were fastened to the pole and Ralph was cutting the guy wires; when he cut the first wire, the pole bent and had a twisting motion and made the cross-arms rotate or revolve around enough to be noticeable; then he cut the other guy wire and the pole fell straight down. Mr. Wilson, foreman of Ralph Pannell, testified: Had had some eight years' experience in climbing poles, as lineman; said: To a lineman, if a pole twisted and the cross-arms twist around after cutting one of two guy wires, it would be a sign that something was wrong, rotten, or loose at the bottom and unsafe.

The evidence justified the submission of the issues. They were clearly fact issues for the jury.

The same authorities referred to above are applicable under this proposition.

Appellees' pleadings are amply sufficient to justify the submission of the issue of contributory negligence on the part of Ralph Pannell. We need not quote the pleading.

We need not pass upon appellees' cross-assignment.

The case is affirmed.