Louie CRAIG, Appellant,

v.

RIO GRANDE ELECTRIC COOPERATIVE,

Appellee.

No. 3580.

Court of Civil Appeals of Texas.

Eastland.

April 21, 1961.

Rehearing Denied May 19, 1961.

See also 345 S.W.2d 460.

Morriss, Morriss, Boatwright & Lewis, San Antonio, C. H. Gilmer, Rocksprings, Beckmann, Stanard, Wood & Vance, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

COLLINGS, Justice.

The judgment heretofore entered on February 24, 1961, is set aside and the original opinion is withdrawn. This opinion is substituted for the original.

The appeal is from a summary judgment. Louie Craig brought suit against Rio Grande Electric Cooperative and M-K-N Cattle Company and its agent, Tom Cameron, for damages sustained by plaintiff when he came in contact with electric power lines owned and operated by the electric company while constructing a tank on property belonging to M-K-N Cattle Company.

Plaintiff alleged negligence on the part of the electric company in the construction and maintenance of its lines proximately causing the injuries and damages complained of. All defendants filed answers and each filed a motion for summary judgment. By order dated February 12, 1960, the court sustained the motion for summary judgment of Rio Grande Electric Cooperative, but denied the motions for summary judgment filed by the cattle company and Cameron. By an order dated February 15, 1960, Craig's suit against the cattle company and Cameron was severed from his suit against the electric company. The order of severance confirmed the previous order granting the electric company's motion for summary judgment. The effect of the severance was to make the summary judgment in favor of the electric company final and appealable. Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199 (Writ Ref.). Craig has appealed from the summary judgment denying him recovery against the Rio Grande Electric Cooperative. The cattle company and Cameron also attempted an appeal from the order refusing their motion for summary judgment which we have heretofore dismissed for want of jurisdiction.

Although Craig's petition alleges he was employed by the cattle company to construct a concrete water tank on its ranch near the electric lines in question, the evidence is undisputed that he was an independent contractor and had entered into a contract with M-K-N Cattle Company to construct the tank. Appellant Craig further alleges that while he was engaged in working near the top of the concrete form on the tank he was injured by reason of a flash or arc of electricity which jumped from the electric lines to the metal head of a hammer which appellant had in his hand; that the magnetic force of the arc and the electricity pulled appellant in contact with the electric lines thereby causing the injury and damage complained of. Appellant alleged that the Rio Grande Electric Cooperative was negligent in numerous respects, including its alleged action in maintaining its elec-

tric line within less than 22 feet above the surface of the ground in violation of Article 1436, Vernon's Ann.Tex.Civ.St., in failing to provide safety devices to prevent appellant from coming in contact with the electric lines, in carrying excessive voltage in the lines, to-wit, in excess of 7200 volts, in failing to warn appellant that the lines carried such high voltage after they had knowledge that he was constructing the tank within close proximity thereto, and in failing to insulate the wires. Appellant alleged that each and all of said acts of negligence on the part of appellee electric company proximately caused the injuries and damages sustained by him.

Rio Grande Electric Cooperative answered by way of general denial and also alleged that appellant Craig was guilty of various acts of contributory negligence. The electric company filed a motion for summary judgment alleging that there was no genuine issue as to any material fact in the case and that under the undisputed facts it was entitled to judgment as a matter of law. In support of its motion for summary judgment appellee relied upon the pleadings of both parties and the deposition of appellant Craig. Appellee contends that such pleadings and Craig's deposition show that appellee was entitled to a summary judgment. One of the grounds urged was that appellee owed no legal duty to appellant because he was a trespasser as to appellee.

■ One who seeks a summary judgment has the burden to clearly prove his right thereto. Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. In our opinion appellee Rio Grande Electric Cooperative clearly proved its right to the summary judgment by allegations amounting to admissions in appellant Craig's pleadings and by Craig's testimony as set out in his deposition and by affidavits filed by appellant. Such pleadings, testimony and affidavits established as a matter of law that Craig was a trespasser as to appellee.

It is undisputed and established by the testimony of appellant Craig, himself, by deposition, that he was an independent contractor and had contracted with M-K-N Cattle Company to construct the water storage tank on its ranch; that, although he was not acquainted with and had never had any dealings with any of the employees of appellee electric cooperative and never secured permission to do so, Craig decided to use and did use a utility pole of the electric cooperative as a part of his scaffold in the construction of the tank. The fact that the utility pole belonged to appellee was established by allegations in Craig's pleadings, by which he is bound. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726. We cannot agree with appellant's contention that the unqualified allegation in his pleading that the "electric line" was owned and operated by appellee did not amount to a statement that appellee also owned the poles. The electric line included the poles. Appellant had, when it seemed advantageous for him to do so, been using the utility pole in question as a part of his scaffold in constructing the tank for about three days prior to the accident. It is undisputed that it was because of the use of the pole that the accidental injury occurred. In so using the pole without the consent of appellee, Craig was a trespasser as to appellee and was not entitled to recover because of ordinary acts of negligence by appellee, or because of the violation of some statutory duty. Appellee owed Craig no duty except not to willfully injure him. There was no allegation in appellant's pleadings nor was there evidence of any intentional injury to appellant. That issue was not in the case. In this state of the record the trial court properly entered summary judgment for Rio Grande Electric Cooperative. Burnett v. Fort Worth Light & Power Co., 102 Tex. 31, 112 S.W. 1040, 19 L.R.A.,N.S., 504; Mayes v. West Texas Utilities Co., Tex.Civ.App., 148 S.W.2d 950 (Writ Dis. Judgment Correct); Hicks v. Gulf, Colorado & S. F. Ry. Co., Tex.Civ.App., 212 S.W. 840 (Writ Ref.).

For the reasons stated, we overrule appellant's contention and point urging that appellee Rio Grande Electric Cooperative did not sustain the burden of showing as a matter of law that appellant was a trespasser as to appellee and, therefore, appellee owed no legal duty to appellant. Rio Grande Electric Cooperative was entitled to a summary judgment and the court did not err in so holding.

The judgment is affirmed.